UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| MELISSA NYLAND, | ) | |
| Plaintiff, | ) | 2:15-cv-01670 JWS |
| vs. | ) | ORDER AND OPINION |
| ROOKE, LLC, d/b/a RIOT HOSPITALITY GROUP, | ) | [Re: Motion at Docket 8] |
| Defendant. | ) | |

## I.  MOTION PRESENTED

At docket 8, Defendant Rooke, LLC, d/b/a Riot Hospitality Group ("Rooke" or "Defendant") filed a motion for summary judgment. Plaintiff Melissa Nyland ("Plaintiff") filed a response at docket 15, requesting that the court deny the motion for summary judgment as premature pursuant to Rule 56(d) of the Federal Rules of Civil Procedure. Defendant's reply is at docket 17. Oral argument was not requested and would not be of assistance to the court.

## II.  BACKGROUND

Plaintiff alleges she worked at a restaurant, El Hefe Super Macho Taqueria ("El Hefe"), in Scottsdale, Arizona, and that Rooke was her employer because it "owns and

operates" El Hefe.[1] Plaintiff brings two Title VII sexual harassment claims against Rooke.

The complaint was filed in late August of 2015. On November 4, 2015, the parties submitted their Rule 26(f) report to the court. On that same day, before the court filed its scheduling and planning order, and therefore before any deadlines had been set or any discovery had taken place, Defendant filed the motion for summary judgment. In the motion, Defendant argues that summary judgment is warranted because it is not Plaintiff's employer and that Plaintiff knew as much based on her personal experience with El Hefe. Defendant alternatively argues that it cannot be an employer liable under Title VII because it has less than fifteen employees. In support of its motion, Defendant submitted a declaration of Justin Cohen, Rooke's Director of Operations. The declaration alleges that Rooke is only one of several members of the limited liability corporation 4425 Saddlebag, LLC ("Saddlebag"), which is the entity that actually owns El Hefe. The declaration asserts that Saddlebag is a separate entity, with separate employees, separate employee handbooks, and separate management. It asserts that Saddlebag alone makes employment decisions for El Hefe. It asserts that the manager at El Hefe, whose actions form the basis of Plaintiff's complaint, was Saddlebag's employee. It asserts that Plaintiff knew her employer was Saddlebag and not Rooke because the restaurant's employee handbook and her payroll records reflect Saddlebag as her employer.

Plaintiff argues in her response that ruling in favor of summary judgment would be premature because the issue of which entity could be deemed her employer is an issue of fact and law that cannot be resolved without discovery. She requests that the court deny the motion pursuant to Rule 56(d) to allow her adequate time to develop her theory of the case as it relates to which entity can be considered her employer. As required under the Rule 56(d), Plaintiff attached a declaration to her response

---

[1]Doc. 1 at ¶ 4.

explaining that her attorney has not had an opportunity to conduct discovery and therefore cannot present facts essential to oppose the motion for summary judgment at this time.  Her response also indicates that she plans to file a motion to amend the complaint to add other allegedly related entities as defendants.  Indeed, at docket 19 Plaintiff has filed such a motion, along with a proposed amended complaint that seeks to add Saddlebag and three other corporate entities as defendants.  She alleges in the proposed amended complaint that all the corporate entities, including Rooke, operate identically and all do business under the name Riot Hospitality Group.[2]

### III.  STANDARD OF REVIEW

Rule 56(d) of the Federal Rules of Civil Procedure applies "'where the non-moving party has not had the opportunity to discover information that is essential to its opposition.'"[3]  It permits a party to resist a summary judgment motion by "show[ing] by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to the motion.[4]  The declaration must put forth "the specific facts that [the party] hope[s] to elicit from further discovery" and must indicate that the "facts sought exist" and are "essential" to oppose summary judgment.[5]  However, when a party has not "had any realistic opportunity to pursue discovery relating to its theory of the case" courts grant Rule 56(d) motions "fairly freely."[6]

---

[2]*See* doc. 19-1.  The proposed amended complaint also seeks to add an individual, Ryan Hibbert, as a defendant and seeks to bring a claim for assault and battery against him.  Defendant opposes the request to amend.  The motion only recently became ripe and has not yet been ruled on by the court.

[3]*Roberts v. McAfee, Inc.*, 660 F.3d 1156, 1169 (9th Cir. 2011) (quoting *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001)).

[4]Fed. R. Civ. P. 56(d).

[5]*California ex rel. Cal. Dep't of Toxic Substances v. Campbell*, 138 F.3d 772, 779 (9th Cir.1998)

[6]*Burlington N. Santa Fe R.R. Co. v. Assiniboine and Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir.2003).

## IV.  DISCUSSION

As required by Rule 56(d), Plaintiff's attorney submitted a declaration in support of Plaintiff's request to deny summary judgment pending further discovery.  In the declaration, the attorney asserts that he needs time to discover information about the corporate relationships between Rooke and other affiliated corporate entities; whether Rooke or any of its affiliated corporate entities had the ability to hire, fire, or discipline Plaintiff; and whether Rooke or any of its affiliated corporate entities had the ability to monitor or control Plaintiff's work environment or dictate the terms and conditions of her employment.  The declaration also states that Plaintiff has not had time to discover facts to contest the number of employees Rooke has for purposes of establishing whether Rooke can be liable under Title VII.

Rooke argues that the declaration lacks specifics or any indication that such facts actually exist.  While it is proper for a court to deny a Rule 56(d) application "where it is clear that the evidence sought is almost certainly nonexistent or is the object of pure speculation,"[7] here the court cannot conclude that such facts are clearly nonexistent at such an early stage of litigation.  Indeed, at the time the motion was filed Plaintiff had not had any time to develop affirmative evidence that could oppose summary judgment by showing that Rooke could be considered Plaintiff's employer for purposes of Title VII.  Rooke brought this motion for summary judgment the same day the parties filed their Rule 26(f) report and before the court could issue a scheduling and planning order.  Thus, at the time the motion was filed, there had been no discovery exchanged between the parties.  Therefore, the situation here is one where Plaintiff has not "had any realistic opportunity to pursue discovery relating to its theory of the case" and the court should therefore more freely grant the request to deny summary judgment pending further discovery.[8]

---

[7]*Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991).

[8]*Burlington N. Santa Fe R.R. Co.,* 323 F.3d at 773.

Defendant also argues that Plaintiff failed to allege in the complaint that it was her employer and therefore contends she has not adequately stated the elements of her claim.  However, paragraph 7 of Plaintiff's complaint clearly alleges that Rooke was her employer.[9]  Rooke argues that her theory as to why it would be liable as her employer even though it is simply an investor in the company that actually owns El Hefe is not adequately pled in her complaint.  Even if such a deficiency were fatal to her complaint, the case is still in the early stages of litigation, and Plaintiff has timely filed a motion to amend, which is currently pending before the court.  The proposed amended complaint more clearly sets forth her theory of employment.  She has not had any realistic opportunity to pursue such a theory.  Therefore, summary judgment is not appropriate at this time.

## V.  CONCLUSION

Based on the preceding discussion, pursuant to Rule 56(d)(1), Defendant's motion for summary judgment at docket 8 is DENIED without prejudice to renew after adequate discovery has taken place.

DATED this 18th day of February 2016.

/s/ JOHN W. SEDWICK
SENIOR UNITED STATES DISTRICT JUDGE

---

[9] Doc. 1 at ¶ 7.