# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| MELISSA NYLAND,<br><br>        Plaintiff,<br><br>    vs.<br><br>ROOKE, LLC, d/b/a RIOT HOSPITALITY GROUP,<br><br>        Defendant. | 2:15-cv-01670 JWS<br><br>ORDER AND OPINION<br><br>[Re: Motions at Dockets 19 & 26] |

## I.  MOTIONS PRESENTED

At docket 19 Plaintiff Melissa Nyland ("Plaintiff") filed a motion to amend. Defendant Rooke, LLC, d/b/a Riot Hospitality Group ("Rooke" or "Defendant") responded at docket 21. Plaintiff's reply is at docket 22. Defendant subsequently filed a "Notice of Errata in Supplement to its Response in Opposition to Plaintiff's Motion to Amend" at docket 23. Plaintiff filed a motion to strike the notice at docket 26, and Defendant responded at docket 27. Oral argument was not requested in relation to either motion, and argument would not be of assistance to the court.

## II.  BACKGROUND

Plaintiff alleges she worked as a cocktail server at a restaurant, El Hefe Super Macho Taqueria ("El Hefe"), in Scottsdale, Arizona, and that Rooke was her employer

because it "owns and operates" El Hefe.[1] Plaintiff brings two Title VII sexual harassment claims against Rooke. Specifically, Plaintiff alleges she engaged in a sexual relationship with El Hefe's General Manager, Parker Haleen ("Haleen"), and that Haleen used the relationship to manipulate the terms and conditions of her employment and "demonstrated that her continued employment was conditioned upon the prosperity and existence of their sexual relationship."[2] She alleges that she was ultimately fired when Haleen believed she would no longer continue a sexual relationship with him.[3]

The complaint was filed in late August of 2015. In November, before the court filed its scheduling and planning order, and therefore before any deadlines had been set or any discovery had taken place, Defendant filed a motion for summary judgment. In the motion, Defendant argued that summary judgment is warranted because it is not Plaintiff's employer, but rather is only one of several members of the limited liability corporation, 4425 Saddlebag, LLC ("Saddlebag"), which is the entity that actually owns El Hefe. Plaintiff objected to the motion under Rule 56(d) and argued that she needed adequate time to develop her theory of the case as it relates to which entity can be considered her employer. She also indicated that she planned on filing a motion to amend to include Saddlebag as a defendant.

Plaintiff then filed the motion to amend at docket 19. In the motion, she seeks to add four corporate defendants to her lawsuit: Saddlebag; JW Bar, LLC; Milo Companies, LLC; and MRM Hospitality, LLC. She alleges that these four entities, along with Defendant, operate as a "joint employer" or as an "integrated enterprise" in that they all operate under the trade name "Riot Hospitality Group" and that they represent themselves to the public as one entity and "perform activities through unified operations

---

[1] Doc. 1 at ¶ 4.

[2] Doc. 1 at ¶¶ 15-18.

[3] Doc. 1 at ¶¶ 22-23.

and common control."[4]  She alleges that Defendant and the four proposed corporate defendants all had the authority to hire, fire, or discipline her or otherwise control her work environment.  Defendant opposes the inclusion of three of the proposed corporate defendants, arguing that they could not have been her employer and thus any claims against them would be futile.

Plaintiff's proposed amended complaint also seeks to bring a separate cause of action against an individual defendant, Ryan Hibbert ("Hibbert"), for assault and battery. Plaintiff alleges that Hibbert is the part-owner and CEO of Rooke and the other four proposed corporate defendants.  She further alleges that on January 10, 2016, nearly eight months after she had been terminated and around four months after this litigation had commenced, Hibbert intentionally threw alcohol at her and berated her during a late-night party and that his conduct was designed to punish her for filing the lawsuit and to intimidate her in regard to the lawsuit.[5]  Defendant opposes the addition of such a claim, arguing that it does not stem from the same case or controversy, and thus the court does not have supplemental jurisdiction over it.  In reply, Plaintiff argues that Hibbert is part-owner of Rooke and so his assault against Plaintiff is related to the controversy at hand.

Defendant filed a "Notice of Errata in Supplement to its Response in Opposition to Plaintiff's Motion to Amend," wherein it sought to clarify that it was not admitting that Hibbert was an owner and CEO of Rooke, as Plaintiff suggested in her reply.  Plaintiff filed a motion to strike the notice.

### III.  STANDARD OF REVIEW

Under Rule 15(a), if outside the allotted time in which to file an amendment as a matter of course, "a party may amend its pleading only with the opposing party's written

---

[4] Doc. 19-1 at p. 3,  ¶ 11.

[5] Doc. 19-1 at p. 9,  ¶¶ 59-61.

consent or the court's leave."[6]  "The court should freely give leave when justice so requires."[7]  Rule 15 provides for a very liberal amendment policy.[8]  The decision to permit or deny a motion for leave to amend rests within the sound discretion of the trial court.[9]  In deciding whether to grant leave to amend under Rule 15(a), courts generally consider the following factors: undue delay, bad faith by the moving party, prejudice to the opposing party, futility of amendment, and whether the party has previously amended his pleadings.[10]  "Generally, this determination should be performed with all inferences in favor of granting the motion."[11]  The party opposing amendment bears the burden of demonstrating a permissible reason for denying the motion to amend.[12]

## IV.  DISCUSSION

**A.  Additional corporate defendants**

Given that Plaintiff filed her motion to amend within the allotted time frame set by the court and given the liberal application of Rule 15, the court concludes that Plaintiff can amend her complaint to include the additional corporate defendants.  There has been no showing of delay or bad faith on her part and no showing of prejudice to Defendant given that the case is in the early litigation phase.  Moreover, the court cannot conclude from the proposed amended complaint that her claim against the

---

[6]Fed. R. Civ. P. 15(a)(2).

[7]*Id.*

[8]*Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001).

[9]*See DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 185-86 (9th Cir.1987).

[10]*See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Bonin v. Calderon,* 59 F.3d 815, 845 (9th Cir.1995).

[11]*Griggs v. Pace Am. Grp., Inc.,* 170 F.3d 877, 880 (9th Cir.1999).

[12]*DCD Programs,* 833 F.2d at 187; *Richardson v. United States,* 841 F.2d 993, 999 (9th Cir.1988) (stating that leave to amend should be freely given unless the opposing party makes "an affirmative showing of either prejudice or bad faith").

additional corporate defendants would be futile. It contains sufficient facts that if accepted as true state a plausible claim.[13]

**B.    Assault and battery claim**

Defendant argues that the proposed amended complaint should not be allowed to the extent it includes a state law claim against Hibbert for assault and battery. It argues that such a claim would be futile because the court does not have supplemental jurisdiction over such a claim. The court can exercise supplemental jurisdiction over a state law claim if that claim is part of the "same case or controversy" as the federal claim.[14] A state law claim is part of the same case or controversy as the federal claim when it "derive[s] from a common nucleus of operative fact."[15]

Here, it is apparent that Plaintiff's Title VII claims and the state law claim against Hibbert do not share a common nucleus of operative fact. The federal sexual harassment claims are premised upon the allegation that Plaintiff's manager at El Hefe conditioned her employment upon a sexual relationship between them and otherwise used their sexual relationship to manipulate the terms and conditions of her employment. The basis for the state assault claim is not factually related to Plaintiff's sexual relationship with the manager at El Hefe. Rather, it is premised upon an incident that 1) occurred eight months after Plaintiff stopped working at El Hefe and after she filed the original complaint; 2) did not involve her former manager; and 3) did not occur

---

[13]*See Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (noting that the proper test to be applied when determining the legal sufficiency of a proposed amendment to a complaint is the same one used when considering the legal sufficiency of a pleading challenged under Rule 12(b)(6)); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))).

[14]28 U.S.C. § 1367(a); *see also Trs. of Constr. Indus. & Laborers Health & Welfare Tr. v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003).

[15]*Desert Valley*, 333 F.3d at 925 (quoting *Finley v. United States*, 490 U.S. 545, 549 (1989)) (internal quotation marks omitted).

at El Hefe.  It is clear that the sexual harassment alleged in her Title VII claim does not rely in any way upon the alleged assault by Hibbert.  Furthermore, the alleged drink-throwing incident is not similar in nature to the allegations underlying the Title VII claims.  That is, Plaintiff's Title VII claims are unaffected by the exclusion of the assault claim.  Even if Hibbert is a part-owner of Rooke or another one of the proposed corporate defendants or even if he may have been motivated to throw a drink and berate Plaintiff because she filed a complaint, as alleged, the court concludes that this association to the underlying federal litigation is insufficient to create a sufficient factual connection between the federal and state claims to support supplemental jurisdiction.

### V.  CONCLUSION

Based on the preceding discussion, Plaintiff's motion to amend at docket 19 is GRANTED IN PART AND DENIED IN PART.  The proposed amended complaint is allowed to the extent that it includes additional corporate defendants, but is denied to the extent it includes a state law claim for assault and battery against Hibbert.  Plaintiff is directed to file an amended complaint in compliance with this order.

Plaintiff's motion to strike at docket 26 is DENIED as moot.

DATED this 4th day of March 2016.

/s/ JOHN W. SEDWICK
SENIOR UNITED STATES DISTRICT JUDGE